**WO** RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Derric Webb, | ) | No. CV 08-2144-PHX-MHM (MEA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph Arpaio, et al., | ) | |
| Defendant. | ) | |

Plaintiff Derric Webb, who is confined in the Maricopa County Towers Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #3). The Court will grant the Application to Proceed *In Forma Pauperis*, require Defendant Arpaio to answer Counts I and II of the Complaint, and dismiss the remaining claims and Defendants Maricopa County Sheriff's Office and Maricopa County Sheriff Detention Center for failure to state a claim upon which relief may be granted.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $3.00. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward

**TERMPSREF**

the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III. Complaint

Plaintiff alleges five counts in the Complaint.

Named as Defendants in the Complaint are: (1) Joseph Arpaio, Maricopa County Sheriff; (2) Maricopa County Sheriff's Office; and (3) Maricopa County Sheriff Detention Center.

Plaintiff seeks a jury trial, injunctive relief, and monetary damages.

## IV. Dismissal of Defendants

### A. Defendant Maricopa County Sheriff's Office

The Maricopa County Sheriff's Office is not a proper Defendant. In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See Ariz. Rev. Stat. § 11-441(A)(5); Ariz. Rev. Stat. § 31-101. A sheriff's office, such as the Maricopa County Sheriff's Office, is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties and not a "person" amenable to suit pursuant to § 1983.

Accordingly, Defendant Maricopa County Sheriff's Office is not a proper Defendant and will be dismissed from this action for failure to state a claim upon which relief may be granted.

### B. Defendant Maricopa County Sheriff Detention Center

The Maricopa County Sheriff Detention Center is also not a proper Defendant to this action. Claims under § 1983 are directed at "bodies politic and corporate." Monell v. New

1  York City Department of Social Services, 436 U.S. 658, 688-89 (1978).  Under the Civil
2  Rights Act of 1871, Congress intended municipalities and other local government units to
3  be included among those persons to whom § 1983 applies.  Id. at 689-690.  Because a jail is
4  neither a corporation nor a body politic, it is not a person for purposes of § 1983, and
5  accordingly, the Maricopa County Sheriff Detention Center will be dismissed from this
6  action for failure to state a claim upon which relief may be granted.

7  **V.     Discussion**

8      **A.     Count I.**

9  In Count I, Plaintiff claims that his due process rights were violated by Defendant
10 Arpaio when he knowingly, intentionally, and willfully with deliberate indifference to inmate
11 health or safety placed Plaintiff at risk of serious harm as per the "Surgeon General Office."
12 Plaintiff alleges that Defendant Arpaio forms the policies of the Maricopa County Sheriff's
13 Office jails and is well aware that asbestos is present in the jails along with other serious
14 health risks such as galvanized pipe and lead paint.  Plaintiff further alleges that asbestos and
15 lead contamination are in the living areas and the day rooms.

16 Liberally construed, Plaintiff has adequately stated a claim in Count I, and the Court
17 will require Defendant Arpaio to answer Count I.

18     **B.     Count II**

19 In Count II, Plaintiff claims that his due process rights were violated by the
20 overcrowded conditions in the Maricopa County Sheriff's Office jails.  Plaintiff alleges that
21 Defendant Arpaio forms the policies at the Maricopa County Sheriff's Office jails and is well
22 aware of the overcrowding in his jails.  Plaintiff further alleges that due to overcrowding and
23 a lack of "Sound Board," noise levels are almost deafening, disrupting any and all activities.
24 Plaintiff claims that this creates a lot of agitation with inmates which escalates the level of
25 fights, which puts Plaintiff in danger of not just emotional injury, but also physical injury.

26 Liberally construed, Plaintiff has adequately stated a claim in Count II, and the Court
27 will require Defendant Arpaio to answer Count II.

28

### C.     Count III

In Count III, Plaintiff claims that his due process rights were violated when Defendants Maricopa County Sheriff's Office and Arpaio failed to provide him with significant access to the courts as required in "Hart vs. Hill."[1]  Plaintiff alleges that on several occasions he submitted legal orders to Inmate Legal Services asking how he was to pursue another civil matter and they stated that they were not permitted to assist or advise Plaintiff in the matter.

To establish that he was denied meaningful access to the courts, a plaintiff must submit evidence showing that he suffered an "actual injury" as a result of the defendants' actions. See Lewis v. Casey, 518 U.S. 343 (1996).  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  Id. at 348.  "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."  Id. at 351.  Moreover, the constitutional right of access to a library or legal assistance extends only through the pleading stage.  Cornett v. Donovan, 51 F.3d 894, 898-900 (9th Cir. 1995).

To show actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the conduct of the defendants prevented him from bringing to court a nonfrivolous claim that he wished to present. Lewis, 518 U.S. at 352-53.  That nonfrivolous claim must be a direct or collateral attack on the inmate's sentence, or a challenge to the conditions of his confinement.  Id. at 355.  "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  Id. (emphasis in original).

In Count III, Plaintiff alleges that his "civil issue was against another law enforcement branch" and that he "lost possible damages for physical injuries & mental injuries that could

---

[1] Because Maricopa County Sheriff's Office is being dismissed as an improper Defendant, the Court will not consider Plaintiff's claim in Count III against Defendant Maricopa County Sheriff's Office.

1  have been awarded" to him.  Plaintiff does not allege that his claim was a nonfrivolous one.
2  Moreover, the claims does not appear to have been a direct or collateral attack on the his
3  sentence, or a challenge to the conditions of his confinement.  Therefore, Plaintiff has failed
4  to show the requisite actual injury needed to state a claim for relief in Count III.
5  Accordingly, Count III will be dismissed for failure to state a claim upon which relief may
6  be granted.

7  In so doing, the Court notes that Plaintiff refers in Count III to the requirements of
8  "Hart vs. Hill."  The Court assumes that Plaintiff is referring to the class action of <u>Hart v.</u>
9  <u>Hill</u>, CV 77-0479-PHX-EHC (MS), now <u>Graves v. Arpaio</u>, CV 77-0479-PHX-NVW (MS).

10  However, with respect to any injunctive relief sought that might be sought by Plaintiff
11  in connection with the rights enumerated in the Amended Judgment of <u>Graves</u>, Plaintiff
12  should note that such relief may only be sought or enforced within the original case.  The
13  Amended Judgment precludes Plaintiff from seeking separate and individual injunctive relief.

14

15  With respect to any claim for monetary damages, <u>Graves</u> provides no independent
16  cause of action.  Although the class action does not foreclose an individual complaint for
17  damages, <u>see</u> <u>Hiser v. Franklin</u>, 94 F.3d 1287 (9th Cir. 1996), Plaintiff must demonstrate
18  some right of action and legal entitlement to the monetary damages he seeks.  In a case
19  challenging the conditions of confinement of pretrial detainees, the most likely source of a
20  right to sue (of which Plaintiff has availed himself in this action) is 42 U.S.C. § 1983.
21  However, in order to state a claim under § 1983, Plaintiff must allege a cognizable
22  constitutional claim, which he has failed to do in Count III.

23  **D.    Count IV**

24  In Count IV, Plaintiff claims that his due process rights were violated from August
25  21, 2007 until November 5, 2008 when "Defendants" denied him one hour a day, six days
26  a week, of recreation time as allotted in "Hart vs. Hill" at a "denial rate of 70%."

27  To state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an
28  affirmative link between the alleged injury and the conduct of an individual Defendant.

1 Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  However, Plaintiff has not referred to
2 the conduct of any individual Defendant in Count IV.  Instead, Plaintiff has only vaguely
3 referred to "Defendants" as a group.

4 Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519
5 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v. Board
6 of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); Rhodes v.
7 Robinson, 612 F.2d 766, 772 (3d Cir. 1979).  Further, a liberal interpretation of a civil rights
8 complaint may not supply essential elements of the claim that were not initially pled.  Ivey,
9 673 F.2d at 268.

10 Accordingly, Count IV will be dismissed for failure to state a claim upon which relief
11 may be granted.

12 **E.    Count V**

13 In Count V, Plaintiff claims that his due process rights have been violated because
14 "staff at Center have not treated" him "in a timely fashion & have not p[re]scribed him
15 proper pain medication."  Plaintiff alleges that he "entered County Jail with a head injury"
16 on August 21, 2007, and that he has "put in several medical requests of pain and other
17 complications."

18 Plaintiff has not shown an affirmative link between the alleged injury and the conduct
19 of any individual Defendant in Count V.  Rizzo, 423 U.S. at 371-72, 377.  To the extent that
20 "Center" may refer to the Maricopa County Sheriff Detention Center, the Court notes that
21 Defendant Maricopa County Sheriff Detention Center is being dismissed as an improper
22 Defendant.

23 Accordingly, Count V will be dismissed for failure to state a claim upon which relief
24 may be granted.

25 **VI.   Warnings**

26 **A.    Release**

27 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
28 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

TERMPSREF - 6 -

1  the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
2  in dismissal of this action.

3     **B.    Address Changes**

4  Plaintiff must file and serve a notice of a change of address in accordance with Rule
5  83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
6  relief with a notice of change of address. Failure to comply may result in dismissal of this
7  action.

8     **C.    Copies**

9  Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
10 of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate
11 stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit
12 an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply
13 may result in the filing being stricken without further notice to Plaintiff.

14    **D.    Possible Dismissal**

15 If Plaintiff fails to timely comply with every provision of this Order, including these
16 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
17 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
18 comply with any order of the Court).

19 **IT IS ORDERED:**

20    (1)   Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

21    (2)   As required by the accompanying Order to the appropriate government agency,
22 Plaintiff **must pay** the $350.00 filing fee and is assessed an initial partial filing fee of $3.00.

23    (3)   Counts III, IV, and V of the Complaint (Doc. #1) are **dismissed** for failure to
24 state a claim upon which relief may be granted.

25    (4)   Defendants Maricopa County Sheriff's Office and Maricopa County Sheriff
26 Detention Center are **dismissed from this action** for failure to state a claim upon which
27 relief may be granted.

28    (5)   Defendant Joseph Arpaio **must answer** Counts I and II of the Complaint.

1  (6) The Clerk of Court **must send** Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Joseph Arpaio.

4  (7) Plaintiff **must complete and return** the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

7  (8) **If** Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant Arpaio within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action **may be dismissed**. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

11  (9) The United States Marshal **must retain** the Summons, a copy of the Complaint, and a copy of this Order for future use.

13  (10) The United States Marshal **must notify** Defendant Joseph Arpaio of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

   (a) **personally serve** copies of the Summons, Complaint, and this Order upon Defendant Arpaio pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

   (b) within 10 days after personal service is effected, **file** the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and

return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11) **If Defendant Arpaio agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(12) Defendant Arpaio **must answer** Counts I and II of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13) This matter is **referred** to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 12th day of February, 2009.

_____
Mary H. Murgula
United States District Judge